JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RUSSELL TROYER

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq.
Console Mattiacci Law
1525 Locust St., 9th Fl., Philadelphia, PA 19102    215-545-7676

## DEFENDANTS

DEFENDER ASSOCIATION OF PHILADELPHIA

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621; 43 P.S. §951; Phila. Code §9-1101
Brief description of cause:
Plaintiff was discriminated against based on his age

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                DOCKET NUMBER

DATE
12/29/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Philadelphia, PA 19130__

Address of Defendant: __1441 Sansom Street; Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: _____ __Philadelphia, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Brian C. Farrell, Esquire__ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __12/29/17__     _____     __319145__
                        Attorney-at-Law               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/29/17__     _____     __319145__
                        Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Russell Troyer,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff | : | CIVIL ACTION |
| | | : | |
| v. | | : | |
| Defender Association of Philadelphia, | | : | |
| | Defendant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 12/29/17 | _[signature]_ | Plaintiff, Russell Troyer |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2851 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSSELL TROYER**<br>Philadelphia, PA 19130 | :      **CIVIL ACTION NO.** |
|            **Plaintiff,** | : |
| **v.** | : |
| **DEFENDER ASSOCIATION OF PHILADELPHIA**<br>1441 Sansom Street<br>Philadelphia, PA 19102 | :<br>:<br>:      **JURY TRIAL DEMANDED** |
|            **Defendant.** | : |

## COMPLAINT

## I.   INTRODUCTION

Plaintiff, Russell Troyer ("Plaintiff"), brings this action against his former employer, Defender Association of Philadelphia ("Defendant"). Plaintiff was terminated at age sixty-six (66) and after twenty (20) years of excellent performance and then replaced by an employee over twenty years (20) younger than he was. Defendant discriminated against Plaintiff because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO"). Plaintiff seeks relief, as set forth below, including his attorneys' fees and costs.

## II.   PARTIES

1.    Plaintiff Russell Troyer ("Plaintiff") is an individual and a citizen of the

Commonwealth of Pennsylvania.

2.      Plaintiff was sixty-six (66) years of age at the time of his termination.

3.      Defendant is an independent, non-profit corporation that is incorporated in the Commonwealth of Pennsylvania, and is located at 1441 Sansom Street, Philadelphia, PA 19102.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and in Philadelphia County.

5.      At all times material hereto, Defendant employed more than twenty (20) employees.

6.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

9.      The causes of action which form the basis of this matter arise under the ADEA, the PHRA, and the PFPO.

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28

U.S.C. §1367.

12.    The District Court has jurisdiction over Count III (PFPO) pursuant to 28 U.S.C. §1367.

13.    Venue is proper in the District Court under 28 U.S.C. §1391(b).

14.    On or about September 26, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.    On or about October 2, 2017, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

16.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    **FACTUAL ALLEGATIONS**

17.    Plaintiff was employed by Defendant from on or about April 1, 1996 until on or about April 11, 2016, the date of his unlawful termination.

18.    Throughout the course of his over twenty (20) years of employment with Defendant, Plaintiff held the position of Director of Information Services. In this role, Plaintiff was responsible for, *inter alia*, overseeing the operations of Defendant's Information Technology Department ("IT Department").

19.     Plaintiff reported to Ellen Greenlee ("Greenlee"), Chief Defender, until in or about March 2015, when Greenlee retired.

20.     From in or about September 2015 and until his termination, Plaintiff reported to Keir Bradford-Grey ("Bradford-Grey"), who replaced Greenlee as Defendant's Chief Defender. Bradford-Grey is substantially younger than Plaintiff.

21.     Throughout his twenty-year (20) tenure with Defendant, Plaintiff was a loyal, dedicated, and hard-working employee who consistently demonstrated excellent performance.

22.     Prior to Bradford-Grey becoming Plaintiff's direct supervisor, Plaintiff consistently received positive feedback related to his performance.

23.     Upon Bradford-Grey becoming Plaintiff's direct supervisor, Defendant began subjecting Plaintiff to hostile treatment, to which it did not subject Bradford-Grey's younger direct reports, to Plaintiff's knowledge. This conduct included, but was not limited to, the following:

   a) Bradford-Grey frequently making vague comments that there were "problems" with the IT Department without providing Plaintiff any substantive details in support thereof;

   b) Bradford-Grey repeatedly ignoring requests and suggestions from Plaintiff that she and Plaintiff discuss in detail the status of Defendant's IT operations;

   c) Bradford-Grey rarely making any effort to engage Plaintiff in conversation;

   d) Bradford-Grey rarely answering questions Plaintiff directed to her which required a response;

e) Bradford-Grey failing to respond to to work-related emails Plaintiff addressed and sent directly to Bradford-Grey; and

f) Bradford-Grey failing to meet with Plaintiff on a one-on-one basis to discuss the IT Department.

24.     In or about the week prior to Bradford-Grey officially becoming Chief Defender for Defendant in September 2015, Plaintiff provided Bradford-Grey with a detailed report regarding the status and positive progression of Defendant's IT landscape. Through this report, Plaintiff intended to catalyze a wide-ranging, in depth series of discussions regarding Defendant's IT status, strategy, challenges, and policy.

25.     After giving her the IT report, Bradford-Grey never discussed the report with Plaintiff absent a passing comment to Plaintiff approximately one (1) month later that she had finally read the report and "starred" many things in it that she liked.

26.     In or about late October of 2015, Bradford-Grey abruptly informed Plaintiff that she had retained a "consultant" to review the IT Department. Bradford-Grey did not provide Plaintiff any information regarding the same, or any detailed reason why Defendant was doing so.

27.     In or about February 2016, during a meeting with the IT Department, Bradford-Grey told Plaintiff that the IT Department operation was functioning like it was "back in 2001." Bradford-Grey provided Plaintiff no detailed justification for this vague allegation during the meeting.

28.     On or about April 11, 2016, Defendant terminated Plaintiff's employment.

29.     Defendant's stated reason for terminating Plaintiff was that a "change in leadership" was necessary

30.     Plaintiff was given no advance warning or notice that Defendant was going to terminate his employment after over twenty (20) years of service.

31.     Defendant initially replaced Plaintiff with a substantially younger, less qualified, and less experienced individual to serve as its interim Director of Information Services. Prior to Plaintiff's termination, that employee reported to Plaintiff.

32.     In or about December 2016, Defendant hired an individual approximately twenty-four (24) years younger than Plaintiff to permanently replace Plaintiff as its Director of Information Services.

33.     At the time of Plaintiff's termination, Plaintiff was one of the oldest employees who reported to Bradford-Grey.

34.     Defendant's stated reason for terminating Plaintiff's employment was a pretext for discrimination.

35.     Defendant treated other substantially younger employees more favorably than it treated Plaintiff.

36.     Plaintiff's age was a motivating and/or determinative factor in Defendant's treatment of him, including the decision to terminate his employment.

37.     As a direct and proximate result of Defendant's behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

39.     The conduct of Defendant, as set forth above, was willful under the

circumstances and warrants the imposition of liquidated damages.

## COUNT I - ADEA

40.     Plaintiff incorporates herein by reference paragraphs 1 through 39 above, as if set forth herein in their entirety.

41.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

42.     Said violations were willful and warrant the imposition of liquidated damages.

43.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

44.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

45.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

46.     Plaintiff incorporates herein by reference paragraphs 1 through 45 above, as if set forth herein in their entirety.

47.     Defendant, by the above improper and discriminatory acts, has violated the PHRA.

48.     Said violations were intentional and willful.

49.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

50.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

51.    No previous application has been made for the relief requested herein.

## COUNT III - PFPO

52.    Plaintiff incorporates herein by reference paragraphs 1 through 51 above, as if set forth herein in their entirety.

53.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PFPO.

54.    Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

55.    As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

56.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h)     awarding liquidated damages to Plaintiff under the ADEA;

(i)     awarding punitive damages to Plaintiff under the PFPO;

(j)     awarding Plaintiff such other damages as are appropriate under the ADEA, the PHRA, and the PFPO;

(k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

CONSOLE MATTIACCI LAW, LLC

Dated:  December 29, 2017    BY: _____

Stephen G. Console, Esquire
Brian Farrell, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-8211 (fax)

Attorneys for Plaintiff,
Russell Troyer

# Exhibit "1"

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER<br><br>530-2016-04250 |
|---|---|---|

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>Russell Troyer | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Philadelphia, PA 19130 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Defender Association of Philadelphia | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(215) 568-3190 |
|---|---|---|

| STREET ADDRESS<br>1441 Sansom Street | CITY, STATE AND ZIP<br>Philadelphia, PA 19102 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   **X** Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*              *Latest* 04/11/2016 |
|---|---|

**The Particulars Are:**

A.     1.          Relevant Work History

I was hired by Respondent on or around April 1, 1996 as the Director of Information Services. I worked as Respondent's Director of Information Services until Respondent terminated my employment. I had reported to Ellen Greenlee (75 years of age[a]), Chief Defender, until March 2015, when she retired. Greenlee was then replaced by Keir Bradford-Grey (48 years of age). From September 2015 until Respondent terminated my employment, I reported to Chief Defender Bradford-Grey.

Respondent terminated my employment on April 11, 2016. I was sixty-six (66) years of age at that time, and had over twenty (20) years of service at Respondent. I had no warning that I would be terminated.

I consistently demonstrated excellent performance and dedication to Respondent. By way of example, in or around 2013, I received a $10,000 merit increase. This was an extraordinary increase for Respondent. This increase was accompanied with very sincere thanks and appreciation for the job I was doing in automating the operations and generally running IT at Respondent.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|

I declare under penalty or perjury that the foregoing is true and correct.

| Date:<br>9/23/16 | Charging Party (*Signature*):<br>*Russell P. Troy* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|---|

[a] All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party – *RPT*

2.    Harm Summary

I have been discriminated against because of my age (66).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)    Since approximately 2014 until Respondent terminated my employment, I had been training Respondent's Application Specialist in the IT Department, Manoj Joshi (who is in his mid-40s).

(b)    I never had a performance review or any written assessment or evaluation of my performance in the over twenty (20) years of service to Respondent.

(c)    The closest Respondent ever came to giving me a performance review is when, several times a year, the former First Assistant Defender, Charlie Cunningham, would stop by my office, close the door, look me in the eye, and tell me how much he appreciated what I was doing and how Respondent could not be where it was without me.

(d)    The former First Assistant Defender Cunningham was replaced by James McHugh (48 years of age) in October 2015.

(e)    In or about the week before Bradford-Grey began as my supervisor and the Chief Defender in September 2015, I provided her with a 40-page IT report, detailing Respondent's IT landscape, to provide her with information about the Department.

(f)    After giving her the IT report, Bradford-Grey never responded to me about the report or discussed the report with me, absent a passing comment to me a month later that she had finally read the report and starred many things in it that she liked.

(g)    As my supervisor and the Chief Defender, Bradford-Grey never met with me one-on-one to discuss the IT Department.

(h)    In any meetings I had with Bradford-Grey, she always had her consultant, Susan Levy (48 years of age), or First Assistant Defender McHugh with her.  I had difficulty setting up any meetings I requested with Bradford-Grey, and she would hijack the few meetings where I was present.

(i)    Bradford-Grey never made any effort to engage me in conversation.

(j)    Bradford-Grey never responded to emails I addressed and sent to her, or answered questions I directed to her that required her response.

(k)    The only phone call I ever received from Bradford-Grey was when she informed me that she had retained a consultant to review the IT Department.

(l)    Bradford-Grey made vague comments that there were problems with the IT Department, but never provided details or met with me to discuss concerns she had.

(m)    In a debriefing meeting about the IT consultant's report, Bradford-Grey stated that the IT Department operation was functioning like it was back in 2001.

(n)    In or around the end of March 2016, a few weeks before I was terminated, Bradford-Grey announced that Respondent was creating a new position—Human Resources Chief Operating Officer—and announced that her consultant, Susan Levy, would be filling the position.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party – *RPT*

(o) On April 11, 2016, I was called into a meeting with Chief Defender Bradford-Grey, First Assistant Defender McHugh, and Human Resources Director Dana Roberts. We met in Bradford-Grey's office.

(p) At the April 11 meeting, Bradford-Grey stated that Respondent did a thorough review of the IT Department, and that, because of a change in direction, they no longer needed my services.

(q) Bradford-Grey was the only person who spoke at the April 11 meeting.

(r) I was terminated at that meeting, effective immediately.

(s) I was stunned. I had no advance warning or notice that Respondent was going to terminate my employment, after my more than twenty (20) years of service to Respondent.

(t) I initially received nothing in writing when I was terminated. During the meeting, it became clear to me that nothing in writing was going to be provided to me. Because I requested something in writing, Bradford-Grey gave me her talking points from the meeting.

(u) The stated reason for my termination was that a change in leadership was necessary.

(v) Udeshi, who I had been training, has replaced me as the Interim Director of Information Services as Respondent searches for my permanent replacement.

(w) Respondent has produced a job posting to find my replacement as Director of Information Services.

(x) I qualify for Respondent's posted Director of Information Services position, and would be able to perform all of the functions required. There is nothing in the posting that I did not do as Director of Information Services or would be unable to do if asked.

(y) Upon information and belief, Respondent has a pattern and practice of shunning and displacing older workers.

B.    1.    Respondents' Stated Reasons

(a)    Respondent's stated reason for my termination, that a change in leadership was necessary, is pretext for age discrimination.

C.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (66) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO") as set forth herein.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Russell Troyer v. Defender Association of Philadelphia**

EEOC No. _530-2016-04250_

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _Russell P. [signature]_ _9/23/16_
Signature and Date

____ I do not want my charge dual filed with PHRC

_____
Signature and Date

Exhibit "2"

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

| To: Russell Troyer | From: | Philadelphia District Office |
|---|---|---|
| Philadelphia, PA 19130 | | 801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-04250 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     10/2/17
Kevin J. Berry,                                               *(Date Mailed)*
**Acting District Director**

Enclosures(s)

cc:     **DEFENDER ASSOCIATION OF PHILADELPHIA**
Emily R. Derstine Friesen (for Respondent)
COZEN O'CONNOR
1650 Market St., Suite 2800
Philadelphia, PA 19103

Stephen G. Console
CONSOLE LAW OFFICE
1525 Locust Street
9th Floor
Philadelphia, PA 19102